UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN GROUP U.S.A. HARMONY CITY, INC.,<br><br>Petitioner,<br><br>v.<br><br>CRRC MA CORPORATION,<br><br>Respondent. | Civ. Action No. _____<br><br>**CASE PENDING IN NORTHERN DISTRICT OF CALIFORNIA: 3:17-cv-02191-SK** |

**MEMORANDUM OF LAW IN SUPPORT OF SUN GROUP'S MOTION TO COMPEL CRRC MA CORPORATION'S COMPLIANCE WITH SUBPOENA**

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................................. 5
II.   BACKGROUND .................................................................................................................... 5
III.  ARGUMENT .......................................................................................................................... 8
   A. The Court should compel compliance with Sun Group's former agreement ....................... 9
   B. The Court should compel production of documents related to Sun Group's Contract and Work for CRRC .................................................................................................................. 10
   C. The Court should compel production of documents related to the relevant contracts including the High Speed Rail Project ..................................................................................... 12
   D.    The Court should compel production of documents related to the relationship between CRRC and CRRC MA and CRRC MA's involvement in the dispute ...................................... 13
IV.   CONCLUSION .................................................................................................................... 15

## **TABLE OF AUTHORITIES**

### *Cases*

*A. Farber & Partners, Inc. v. Garber*
   234 F.R.D. 186 (C.D. Cal. 2006) .................................................................................... 10

*Addamax Corp. v. Open Software Found.*
   148 F.R.D. 462 (D. Mass. 1993) ...................................................................................... 8

*Alexander v. FBI*
   194 F.R.D. 316 (D.D.C. 2000) ......................................................................................... 8

*Corrigan* v. *Methodist Hosp.*
   158 F.R.D. 54 (E.D. Pa. 1994) ......................................................................................... 8

*DeGrandis v. Children's Hosp. Bos.*
   203 F. Supp. 3d 193 (D. Mass. 2016) ............................................................................ 10

*Gabriel v. Superstation Media, Inc.*
   Civil Action No. 13-12787-NMG, 2014 U.S. Dist. LEXIS 199620 (D. Mass. Sep. 5, 2014) .... 7

*Hunter TBA, Inc.* v. *Triple V Sales*
   250 F.R.D. 116 (E.D.N.Y. 2008) ..................................................................................... 8

*Itv Direct, Inc. v. Healthy Sols., LLC*
   No. 04-10421-JLT, 2006 U.S. Dist. LEXIS 106232 (D. Mass. Nov. 21, 2006) ....................... 11

*Jac'Quann Admire Harvard v. Inch*
   No. 4:19cv212-MW/CAS, 2020 U.S. Dist. LEXIS 26677 (N.D. Fla. Feb. 7, 2020) ................ 10

*Lawson v. Spirit Aerosystems*
   No. 18-1100-EFM-ADM, 2020 U.S. Dist. LEXIS 14887 (D. Kan. Jan. 29, 2020) ................. 10

*McKellips v. Kumho Tire Co.*
   305 F.R.D. 655 (D. Kan. 2015) ...................................................................................... 12

*Rodriguez-Ruiz v. Microsoft Operations P.R., LLC*
   No. 18-1806 (PG), 2020 U.S. Dist. LEXIS 39681 (D.P.R. Mar. 5, 2020) ............................ 10

*Samuel, Son & Co. v. Beach*
   Civil Action No. 13-128E, 2014 U.S. Dist. LEXIS 143549 (W.D. Pa. Oct. 9, 2014) ................ 9

*United States Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 U.S. Dist. LEXIS 82625
   (E.D. Mich. June 14, 2012) .............................................................................................. 8

*United States SEC. v. Hyatt*
   621 F.3d 687 (7th Cir. 2010) ........................................................................................... 8

***Statutes***

Civ. L.R. 37.1(a) ................................................................................................................ 8

Fed. R. Civ. P. 26(b) ........................................................................................................... 7

Fed. R. Civ. P. 45(a). ....................................................................................................... 7, 8

## I.     INTRODUCTION

Sun Group U.S.A. Harmony City Inc. ("Sun Group") seeks the Court's assistance in enforcing a subpoena issued to third-party CRRC MA Corporation Ltd. ("CRRC MA") in connection with a lawsuit in the Northern District of California between Sun Group and CRRC MA's Chinese parent company, CRRC Corporation Ltd. ("CRRC").  The dispute arises from a contract between Sun Group and CRRC whereby CRRC and its subsidiaries received Sun Group's assistance in obtaining rail contracts in the United States. Sun Group served the subpoena in part because CRRC argued in the Northern District of California that discovery should not proceed against it under the Federal Rules of Civil Procedure because, in large part, relevant documents were available from its US subsidiary CRRC MA.  In response to the subpoena, CRRC MA initially promised to produce documents responsive to certain categories while refusing to produce documents responsive to others.  Over the past six months, however, it has communicated with Sun Group's counsel on the topic only once, has refused a recent request for a discovery conference, and has still not produced a single document. This Court should not countenance CRRC MA's blatant defiance of legal process, and should order it to immediately produce all responsive documents in its possession or control, subject to the protective order agreed upon between Sun Group and CRRC MA.

## II.     BACKGROUND

The operative underlying pleading is attached as Exhibit A to the Declaration of Frank Busch. As alleged therein, CRRC[1] entered into an agreement with Sun Group in 2014 that granted Sun Group exclusive rights on the California High Speed Rail Project (CHSRP), plus a priority and non-exclusive strategic partnership outside of the CHSRP, under which CRRC was

---

[1]     At the time the contract was signed, the contracting entity was China CNR Corporation Ltd. ("CNR"). Defendant CRRC has not disputed that it is the successor entity to CNR and assumed this contract. (Busch Decl. Ex. A ¶ 9.) As such, these papers refer to both entities as "CRRC."

obligated to provide Sun Group with the opportunity to participate in any bidding of CRRC products within the United States, Canada, and Mexico, and to receive 6% cooperation earnings if any bid was successful. (Busch Decl. Ex. A, ¶¶ 21, 24.) This agreement was made in exchange for Sun Group's obligation to provide ongoing promotion, solicitation, and marketing of CRRC's products in the United States. (Busch Decl. Ex. A, ¶ 23.) CRRC attempted to avoid these payment obligations by, *inter alia*, using its alter ego CRRC MA to obtain contracts and by utilizing other subsidiaries to obtain the benefit of bidding on rail projects without compensating Sun Group. (Busch Decl. Ex. A, ¶¶ 44-55, 75.) CRRC MA was initially a defendant in the action, but was dismissed for lack of personal jurisdiction in Northern California. (Busch Decl. Ex. B [ECF 84] pp. 20-21.)

On August 2, 2019, Sun Group issued a subpoena for production of documents to CRRC MA. (Busch Decl. Ex. C.) The subpoena enumerated 29 document requests and required production of responsive documents in Boston on September 2, 2019. Those requests seek documents in the following three substantive categories:

1.     Documents regarding Sun Group, and its principal, that concern, among other things, the contract with Sun Group, the work performed by Sun Group, CRRC's understanding of Sun Group's contractual rights, and CRRC's affirmative defenses regarding Sun Group's conduct, among other things: Requests 1, 2, 4, 8, 12, 13, 14, and 15.

2.     Documents regarding the interpretation of the relevant contracts, including its reference to the California High Speed Rail Project, which are directly relevant to contract interpretation, breach, damages, and many of CRRC's affirmative defenses: Requests 3, 5, 6, 7, 9-12, 24.

4.     Documents regarding CRRC MA and CRRC's relationship, and CRRC MA's involvement in the dispute, which is relevant to Sun Group's alter ego and breach of covenant claims: Requests 16-23, 25-29.

(Busch Decl. Ex. C.)

In response to the subpoena, CRRC MA sent a short letter objecting to the subpoena in its entirety and in a boilerplate fashion, and refusing to produce anything. (Busch Decl. Ex. D.)

Sun Group responded to these objections on August 23, 2019 asking for the Manatt firm's availability to meet-and-confer while also offering to stipulate to the Northern District of California's model protective order to address any of CRRC MA's privacy concerns. (Busch Decl. ¶7 & Ex. E.) A week later, on August 30, 2019, CRRC MA's counsel responded via email stating that CRRC MA is available to meet and confer two weeks later (during the week of September 16). (Busch Decl. ¶8 & Ex. F.) Counsel for Sun Group responded on September 4, 2019, requesting meet and confer dates sooner. (Busch Decl. Ex. F.) CRRC MA's next response was a September 20, 2019 letter providing "expanded" objections, although the letter merely repeated CRRC MA's boilerplate objections and reiterated its refusal to produce anything at all. (Busch Decl. ¶10 & Ex. G.))

Sun Group and CRRC's counsel spoke on November 4, 2019. CRRC MA agreed to produce documents responsive to requests 1, 2, 5, 8, and 16-28. (Busch Decl. ¶11 & Ex. H.) On November 8, 2019, counsel exchanged emails concerning the scope of production of "project-related document requests." (Busch Decl. ¶12 & Ex. H.) CRRC MA's counsel did not respond further, and on December 30, 2019 Sun Group's counsel again asked for a response. (Busch Decl. ¶13 & Ex. H.) Still having received no response, on January 24, 2020 Sun Group's counsel asked again. (Busch Decl. ¶14 & Ex. H.)

Without responding first in writing, CRRC MA's counsel called Sun Group's counsel on February 5, 2020. (Busch Decl. ¶15 & Ex. I.) Again CRRC MA agreed to make a rolling production of documents in response to requests 1, 2, 5, 8, and 16-28 "this month." (*Id.*) Counsel also agreed to further confer on the other requests and to circulate revisions to the protective order that Sun Group had provided in November. (*Id.*) Sun Group's counsel asked for an update within one week, and for dates for a discovery conference on or before February 19, 2020 to address CRRC MA's continuing refusal to produce documents in response to the other requests. (*Id.*) CRRC MA did not respond. (Busch Decl. ¶16.) As of the date of this filing, CRRC MA has

7

not made any response, except to propose a protective order agreeable to Plaintiffs, a version of which has been entered.  (Busch Decl. ¶17 & Ex. J.) Despite its repeated agreements to do so, CRRC MA has not produced any documents in response to the August 2019 subpoena. (Busch Decl. ¶18.)

Meanwhile, CRRC MA's parent, CRRC, told the United States District Court for the Northern District of California that Sun Group does not need to utilize federal discovery procedures, and should instead seek documents from China only pursuant to the Hague Convention, in part because Sun Group can supposedly get documents from CRRC MA. (Busch Decl. Ex. K [ECF 132 p.6].) But after CRRC told the Northern District that CRRC MA will produce documents pursuant to the subpoena, CRRC MA initially refused to produce anything at all, later relented, and has since dragged its feet and ignored its duty to comply with the subpoena.

Having now tried for over six months to meet and confer and obtain compliance from CRRC MA, Sun Group is forced to bring this motion.

## III. ARGUMENT

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *Gabriel v. Superstation Media, Inc.*, Civil Action No. 13-12787-NMG, 2014 U.S. Dist. LEXIS 199620, at *5-6 (D. Mass. Sep. 5, 2014). A party has a right to subpoena any person to produce relevant documents for inspection and copying. See Fed. R. Civ. P. 45(a). Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) "encourage[s] the exchange of information through broad discovery" and the relevancy standard "is commonly recognized as one that is necessarily broad in its scope in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that

could bear on, any issue that is or may be in the case." *United States Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 U.S. Dist. LEXIS 82625, at *8 (E.D. Mich. June 14, 2012) (quotation omitted).

Once the relevancy of the subpoenaed discovery is established, the burden shifts to the objecting party to show why the discovery should not be permitted. *Alexander v. FBI*, 194 F.R.D. 316 at 326 (D.D.C. 2000) (quoting *Corrigan* v. *Methodist Hosp.,* 158 F.R.D. 54, 56 (E.D. Pa. 1994)). Defiance of a subpoena is equivalent to defiance of a court order, even where the subpoena was issued by an attorney. *See United States SEC. v. Hyatt,* 621 F.3d 687, 693 (7th Cir. 2010) (attorney-issued subpoena has same force as one issued by clerk); *Hunter TBA, Inc.* v. *Triple V Sales,* 250 F.R.D. 116, 117 (E.D.N.Y. 2008). A subpoenaed person is required to produce all "designated books, documents or tangible things in the possession, custody or control of that person" Fed. R. Civ. P. 45(a)(1)(C); see *Addamax Corp. v. Open Software Found.*, 148 F.R.D. 462, 464-69 (D. Mass. 1993).

Under Local Rule 37.1(a), which requires parties to meet and confer on discovery disputes, "[f]ailure of opposing counsel to respond to a request for a discovery conference within 7 days of the request shall be grounds for sanctions, which may include automatic allowance of the motion." *Id.* As discussed above, on February 5, 2020 Sun Group's counsel requested a further discovery conference prior to filing this motion. CRRC MA did not respond. (Busch Decl. ¶¶15-16.) Sun Group's motion should be allowed for that reason alone. Civ. L.R. 37.1(a).

A.  **The Court should compel compliance with Sun Group's former agreement**

CRRC MA's counsel has repeatedly agreed to produce documents responsive to requests 1, 2, 5, 8, and 16-28. (Busch Decl. ¶11,15 & Ex. H.) At no time in the past six months has CRRC MA's counsel denied making that agreement, even while CRRC MA failed to comply with it. (Busch Decl. ¶¶ 11, 15-16 & Exs. H, J.) The whole point of meeting and conferring is to narrow discovery disputes. As Judge Fischer on the Western District of Pennsylvania succinctly put it:

9

> this Court fully promotes the meet and confer process as an efficient means to resolve discovery disputes. This process can only be furthered if the Court enforces agreements reached during meet and confer sessions and requires the parties and their counsel to perform their respective obligations under the bargains which have been achieved.

*Samuel, Son & Co. v. Beach*, Civil Action No. 13-128E, 2014 U.S. Dist. LEXIS 143549, at *10 (W.D. Pa. Oct. 9, 2014). At a minimum, the Court should compel CRRC MA to comply with its agreement, and produce all non-privileged documents within its possession and control responsive to at least these 17 requests.

**B.     The Court should compel production of documents related to Sun Group's Contract and Work for CRRC**

Categories 1, 5, 8, 13, 14, and 15 seek documents relating to Sun Group and its work for CRRC, CRRC MA, and related companies between January 1, 2014 and the present:

(1)   All communications between you and Sun Group (including but not limited to Jonathan Sun) …
(5)   All documents … related to the 2014 Cooperation Agreement.
(8)   All documents between you and any third person, including but not limited to governmental agencies, and related to Sun Group.
(13)  All communications between you and CRRC … related to Sun Group.
(14)  All communications between you and CRRC … related to the 2014 Cooperation Agreement.
(15)  All notes, minutes, summaries, or other documents and communications related to the April 24-2,6, 2014 meeting, including Jonathan Sun, Yu Weiping, Yu Yanbin, and Mr. Zhang Xin in New York.

(Busch Decl Ex. C.) The documents sought in these requests are indisputably relevant to the dispute between Sun Group and CRRC over the contract between them. Indeed, as discussed above, CRRC MA has already agreed to produce documents responsive to requests 1, 5, and 8. (Busch Decl. ¶11 & Ex. H.) It should also be compelled to produce documents responsive to requests 13-15.

Nor are CRRC MA's objections meritorious. As to both the disputed requests and the ones to which CRRC MA has already agreed, CRRC MA's boilerplate objections generically argue that the categories requested are overbroad and disproportionate to the case because they

10

seek "all" responsive documents. CRRC MA also objects that confidential information should be produced subject to a protective order (which Sun Group has already agreed to), and "to the extent" that it has privileged documents. (Busch Decl. Ex. G.)

These objections are baseless and should be overruled. CRRC MA provides no information to support its boilerplate "burdensomeness" objection. "'[G]eneralized objections to an opponent's discovery requests are insufficient.'" *Rodriguez-Ruiz v. Microsoft Operations P.R., LLC*, No. 18-1806 (PG), 2020 U.S. Dist. LEXIS 39681, at *11 (D.P.R. Mar. 5, 2020) (citations omitted). As the Northern District of Florida recently explained:

> Boilerplate objections such as "vague," "ambiguous," "overly broad," "not proportional to the needs of this case," or "burdensome," without an explanation, do not inform this Court or Plaintiffs of the justification underlying Defendants' objections. That is to say, boilerplate objections beg the question—why, for example, is the request vague or ambiguous? Further, they do not provide Plaintiffs a reasonable roadmap to correct any defect in their requests before asserting their remedies through a motion to compel.

*Jac'Quann Admire Harvard v. Inch*, No. 4:19cv212-MW/CAS, 2020 U.S. Dist. LEXIS 26677, at *6 (N.D. Fla. Feb. 7, 2020); *see also Lawson v. Spirit Aerosystems*, No. 18-1100-EFM-ADM, 2020 U.S. Dist. LEXIS 14887, at *7 (D. Kan. Jan. 29, 2020) ("The party resisting discovery does not carry [its] burden by asserting 'conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad.'"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

As for the privilege objection, the proper approach is for CRRC MA to provide a privilege log for any documents withheld. *DeGrandis v. Children's Hosp. Bos.*, 203 F. Supp. 3d 193, 200 (D. Mass. 2016) ("'The universally accepted means' of claiming documents are privileged is the production of a privilege log."); *Itv Direct, Inc. v. Healthy Sols., LLC*, No. 04-

10421-JLT, 2006 U.S. Dist. LEXIS 106232, at *7-8 (D. Mass. Nov. 21, 2006) ("To the extent that any third party declines to produce documents on the grounds of privilege, that party shall … produce a privilege log identifying the documents being withheld along with case citations supporting the claim of privilege."). Nor should CRRC's refusal to stipulate to the protective order to which Plaintiffs and CRRC MA agreed prevent CRRC MA from complying with the subpoena.

**C.    The Court should compel production of documents related to the relevant contracts including the High Speed Rail Project**

Categories 2, 3, 4, 6, 7, 9, 10, 11, 12, and 24 seek documents between January 1, 2014 and the present relevant to the interpretation of the relevant contracts, including its reference to the California High Speed Rail Project:

(2)  All documents … related to the California High Speed Rail Project.
(3)  All documents … related to the California High Speed Rail Project.
(4)  All documents … related to the CRRC Train Contracts.
(6)  All communications between you and any third person, including but not limited to governmental agencies, … related to the CRRC Train Contracts.
(7)  All communications between you and any third person, including but not limited to governmental agencies, … related to the California High Speed Rail Project.
(9)  All documents provided to any third person, including but not limited to governmental agencies, by you … related to the CRRC Train Contracts.
(10) All documents provided to any third person, including but not limited to governmental agencies, by you … related to the California High Speed Rail Project.
(11) All communications between you and CRRC … related to the California High Speed Rail Project.
(12) All communications between you and CRRC … related to the CRRC Train Contracts.
(24) All documents showing … CRRC's assistance, guidance, advice, or input of any nature to you and related to the submission of bids for the CRRC Train Contracts.

(Busch Decl. Ex. C.)

These requests are all relevant to CRRC's obligations to Sun Group related to its rail contracts, as well as to CRRC's efforts to evade those obligations by using alter egos and

subsidiaries like CRRC MA. As discussed above, CRRC MA has already agreed to produce documents responsive to requests 2 and 24 but has failed to do so. (Busch Decl. ¶11 & Ex. H.)

CRRC MA interposes the same boilerplate objections to these requests as to the last group discussed. (Busch Decl. Ex. G.) They should be overruled for the same reasons. For requests using the defined term "CRRC Train Contracts", CRRC MA objects that the definition "assumes facts and/or legal arguments that are not correct, and/or, at a minimum, are in dispute. (*Id.*) This objection is baseless. CRRC MA does not purport to be unable to understand the definition used, and no law allows discovery to be refused by quibbling with the "accuracy" of a term used in the requests.

In addition, CRRC MA objects that some materials are "in the public domain and therefore equally available to plaintiff." (Busch Decl. Ex. G.) CRRC MA does not, however, identify what those materials are or where they can allegedly be found. To the extent CRRC MA is withholding documents on the ground that they are equally accessible to Sun Group, it should be required to "state whether any responsive documents are being withheld on the basis of its public domain objection and identify the documents (by title and source) being withheld." *McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 685 (D. Kan. 2015).

**D.    The Court should compel production of documents related to the relationship between CRRC and CRRC MA and CRRC MA's involvement in the dispute**

Finally, requests 16-23, and 25-29 seek documents relating to CRRC MA and CRRC's relationship, and CRRC MA's involvement in the dispute, which is relevant to Sun Group's alter ego and breach of covenant claims. As noted above, in November CRRC MA agreed to produce documents responsive to requests 16-28. (Busch Decl. ¶11 & Ex. H.)

Request 29 seeks "your annual financial reports during [January 1, 2014 to the present date]." CRRC MA's annual financial reports are relevant to its alter ego relationship with CRRC, to the benefit it received from Sun Group's work, and to Sun Group's damages. (Busch Decl. Ex. C.)

13

CRRC MA objects that this very clear request is irrelevant, "vague, ambiguous and uncertain", and seeks confidential or privileged information. (Busch Decl. Ex. G.) These boilerplate objections are again meritless. There is nothing unclear or burdensome about requesting six years of annual financial reports. CRRC MA's finances are clearly relevant to Sun Group's claim that CRRC MA is CRRC's alter ego, and to Sun Group's damages. Any confidentiality concerns can be solved with the protective order to which Sun Group has already agreed, and any privilege claim—which on its face seems an odd objection to annual financial reports—can be addressed with a privilege log. The Court should compel production of these documents.

As for requests 16-28, in addition to CRRC MA's agreement to produce—which the Court should enforce as discussed above—the requests are neither burdensome nor in any other way objectionable. They seek documents showing: (16) the identities of] directors and officers, (17) CRRC MA's capitalization when formed, (18) any financial guarantees by CRRC, (19) any loans by CRRC, (20) CRRC MA's corporate structure, (21) any transfer(s) of assets between CRRC and CRRC MA, (22) the equitable ownership of CRRC MA, (23) any property owned by CRRC MA in the United States, (25) any financial resources shared by CRRC and CRRC MA, (26) any overlap in benefits or compensation to employees of CRRC and CRRC MA, (27) minutes from CRRC MA board of directors and executive committee meetings, and (28) CRRC MA's articles of association and any amendments thereto. (Busch Decl. Ex. C.) Before it finally agreed to produce these documents (only to later refuse), CRRC MA responded to each with the same generic, boilerplate objections about relevance, burden, and purported ambiguity, as well as generic confidentiality and privilege assertions. (Busch Decl. Ex. G.) Each such objection is baseless for the reasons discussed above. Accordingly, in addition to compelling CRRC MA to comply with the agreement it made in November, the Court should order production of these documents in any event.

## IV.     CONCLUSION

Sun Group's subpoena to CRRC MA last August was entirely appropriate, sought documents Sun Group needs for its litigation against CRRC MA's parent CRRC, and, indeed, seeks documents that CRRC itself has told the Court in San Francisco that Sun Group should get from CRRC MA.  CRRC MA's obfuscating objections and delay tactics are baseless, and CRRC MA should be ordered to fully produce all responsive documents forthwith.

Dated March 24, 2020

Respectfully submitted,

SUN GROUP U.S.A. HARMONY CITY, INC.

By its attorneys:

/s/*Steven M. Veenema*
David L. Evans (BBO#156695)
Steven M. Veenema (BBO #672097)
MURPHY & KING, P.C.
One Beacon Street
Boston, MA 02108
Tel. (617) 423-0400
devans@murphyking.com
sveenema@murphyking.com

and

FRANK BUSCH (*Pro Hac Vice Application Forthcoming*)
busch@wvbrlaw.com
WAGSTAFFE, VON LOEWENFELDT BUSCH & RADWICK LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone:     (415) 357-8900